# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDEEP MOHAN MEHTA, ) | |
| ) | Civil Action No. 12 –257J |
| Petitioner, ) | |
| ) | |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| C.G. WIGEN, *Warden*, *MVCC*, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner, Sandeep Mohan Mehta, a federal prisoner incarcerated at the Moshannon Valley Federal Correctional Center (MVCC) in Philipsburg, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that he is in custody in violation of the federal sentencing statutes because the federal Bureau of Prisons (BOP) calculated his sentence incorrectly. Specifically, Petitioner alleges that the BOP failed to give him credit toward his federal sentence for time he spent in custody in England – from July 13, 2010 to March 31, 2011 – prior to being extradited to the United States. For the reasons set forth below, the Petition will be denied.

## I. Relevant Factual and Procedural History

On February 8, 2006, Petitioner pleaded guilty before the United States District Court for the Northern District of Georgia to a charge of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371. The Court sentenced Petitioner on April 18, 2006, to a 46-month term of incarceration, to be followed by a two-year term of supervised release. Upon imposition

of the sentence, the Court directed Petitioner to "surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal."

On June 30, 2006, Petitioner was notified via certified mail of his designation to the Federal Correctional Institution in Allenwood, Pennsylvania. He was instructed to voluntarily surrender before noon on July 11, 2006. Petitioner failed to surrender and on December 13, 2006, a warrant was issued for his arrest. Three and a half years later, Petitioner was arrested in England on July 13, 2010. He remained in custody in England until his extradition to the United States on March 31, 2011.

On May 31, 2011, Petitioner pleaded guilty before the United States District Court for the Northern District of Georgia to a charge of criminal contempt of court, a violation of 18 U.S.C. § 401(3). The Court sentenced Petitioner on August 2, 2011. Prior to imposing the sentence, the Court expressed concern over whether the BOP would credit Petitioner for the time served in England prior to extradition. It stated:

> If the defendant wishes to address the Court, he may do so, but let me just be up front with you. One of the things I'm going to ask, as I understand it he was held for a year in Britain or England awaiting extradition to the United States. Evidently he did not readily agree to extradition. My question is going to be, is BOP going to give him credit for that time?

The Assistant United States Attorney responded that it was unlikely the BOP would award the Petitioner for time served in England. The Court then stated: "I may double my sentence to make sure [Petitioner] doesn't get credit, or double it and then give him credit and come back down to 14 months." The Court explained that his computation would, "[i]n effect double it and then give him credit, bring it back down and show in the sentence I have already given him credit."

Based upon its belief that the BOP would not credit Petitioner for the time served in England prior to extradition, the Court imposed the following sentence:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 14 months, to run consecutive to the sentence imposed in Criminal Number 1:05-cr-601 [The 46-month mail fraud sentence]. In setting this sentence, the court believes that the BOP will NOT award credit for the time the defendant spent in custody in England from (July 13, 2010 thru March 31, 2011) before extraction. Otherwise, the sentence would have been greater.

The Statement of Reasons prepared in connection with the case reflects that the 14-month term of imprisonment was within the applicable guideline range of 8 to 14 months. On March 22, 2012, the MVCC records department contacted the sentencing court in chambers regarding whether Petitioner should receive jail credit for the time he was detained in England. Notes from this conversation indicate that the court "was very clear with his intent regarding defendant not receiv[ing] credit for time detained in England."

## II. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. *See*, *e.g.*, Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider Petitioner's claim that the BOP has erred in computing his sentence.

## III. Federal Sentence Calculation

The Attorney General is vested with authority to make sentencing credit determinations as set forth in 18 U.S.C. § 3585. *See* United States v. Wilson, 503 U.S. 329, 333 (1992) ("[Section] 3585(b) does not authorize a district court to compute the credit at sentencing."); United States v. Ifeoluwa, 238 F. App'x 895, 900 (3d Cir. 2007) ("[t]he power to grant sentencing credit under § 3585(b) is vested with the Attorney General of the United States."). The Attorney General, under 28 C.F.R. § 0.96, delegated this authority to the BOP. United States v. Bram, 990 F.2d 98, 103-04 (3d Cir. 1993).

A federal prisoner's sentence calculation is governed by 18 U.S.C. § 3585, Calculation of a term of imprisonment. Paragraph (a) of the statute governs the date upon which a prisoner's sentence commences and paragraph (b) governs credit for time spent in official detention prior to the date the sentence commences. Thus, in any computation of a federal sentence, two separate decisions must be made: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of his or her sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). *See also* Dutton v. U.S. Attorney General, 713 F.Supp.2d 194, 199 (W.D.N.Y. 2010).

The BOP policies regarding sentence computation are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. They are set forth in Program Statement 5880.28, Sentence Computation Manual (PS 5880.28),[1] and although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d

---
[1] BOP programs statements are available in full on its website, www.bop.gov.

203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)), *cert. denied*, 132 S. Ct. 1068 (2012).

1. Commencement of Petitioner's Federal Sentence

The date upon which a federal sentence commences is controlled by 18 U.S.C. § 3585(a), which provides as follows:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. *See*, *e.g.*, Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). The BOP has interpreted § 3585(a) such that it will not commence a federal sentence earlier than the date on which it was imposed. *See* PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it was imposed."). *See also* Rashid v. Quintana, 372 F. App'x 260, 262 (3d Cir. 2010). Thus, a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. Rashid, 372 F. App'x at 2, n.7; Peterson v. Marberry, Civil No. 07-56, 2009 WL 55913, at *3-5 (W.D. Pa. Jan 5, 2009) (citing PS 5880.28, Chapt. 1, Pages 12-13, and explaining in detail BOP policies regarding § 3585(a)).

In this case, Petitioner's two sentences (mail fraud and contempt of court) were aggregated pursuant to 18 U.S.C. § 3584(c), which provides, "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Thus, Petitioner's 46-month federal sentence was

5

aggregated with his 14-month, consecutive, contempt of court sentence to form one 60-month term. The BOP commenced Petitioner's federal sentence when Petitioner was back in exclusive federal custody after he had absconded for almost four years in England. This day was March 31, 2011, the day Petitioner was transferred to the United States Marshals upon extradition from England. Petitioner does not dispute that this was the earliest date that his sentence could have commenced under § 3585(a).

2. Prior Custody Credit

The second calculation in arriving at Petitioner's projected release date is whether he is entitled to any prior custody credit. Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides as follows:

> (b) Credit for prior custody. – A defendant shall be given credit toward the sentence of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added). The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. United States v. Vega, 493 F.3d 310, 314 (3d Cir.

2007); Chambers; 920 F. Supp. at 623 ("Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence.").

The BOP awarded Petitioner one day of prior custody credit for February 9, 2006, the date of his initial arrest and processing by the United States Marshals Service prior to his release on bond. Although Petitioner argues that he is entitled to receive prior custody credit for the time served in England – from July 13, 2010, through March 31, 2011 – the BOP determined that Petitioner was awarded all prior custody credit that he is eligible to receive and any award of additional credit would amount to prohibited double credit.

According to Richard Courtot, the Inmate System Specialist employed by the BOP at the MVCC, "all the time [Petitioner] served from July 13, 2010, through March 31, 2011, was credited against [Petitioner]'s 60-month aggregate sentence upon imposition of the federal sentence." (ECF No. 16-1 at ¶¶ 1, 12.) He states that this conclusion was reached upon consideration of "the clearly expressed intent of the federal sentencing court, as reflected in the Judgment and Commitment Order, the sentencing transcript, and [his] telephone conversation with the Court on March 22, 2012," where his notes reflect that the judge "was very clear with his intent regarding [Petitioner] not receiv[ing] credit for time detained in England." (ECF No. 16-1 at ¶¶ 9, 12.)

Petitioner maintains that the BOP is incorrect and that pursuant to the express language of § 3585(b), he is entitled to receive credit for the time he spent in custody in England. According to Petitioner, the use of the word "shall" in § 3585(b) mandates that he receive the credit and regardless of what the sentencing judge believed, the BOP is required by statute, and its own Policy Statements, to award credit for the time he spent in custody in England. He further

7

maintains that this time was not credited toward any other sentence so there is no reason the statute does not apply to his case. The Court disagrees.

This case concerns the proper interpretation of § 3585(b), *i.e.*, whether Petitioner received credit for the time he spent in custody in England prior to his extradition to the United States. It is a principle of statutory construction that where the language is not ambiguous, the court must give effect to its plain language. *See* In re Visteon Corp., 612 F.3d 210, 231 (3d Cir. 2010) ("a court must give effect to a statute's unambiguous plain language"). However, in this case, the Court finds that there is a latent ambiguity with respect to the use of the word "shall" in § 3585(b). Such ambiguity "is apparent only when a statute's language is applied to particular facts, and is not apparent on the face of the statute." 3A Singer, Sutherland Statutory Construction, § 66:3 n.63 (7th ed.). In this case, the question of whether Petitioner received credit for the time he spent in England revolves around varying interpretations of the prior custody credit statute.

When a statute contains a latent ambiguity, despite its superficial clarity, the United States Supreme Court has instructed that courts turn first to the administrative agency charged with applying the statute to see if that agency has resolved the ambiguity. *See* Holly Farms Corp. v. N.L.R.B., 517 U.S. 392, 398-99 (1996). "Courts, in turn, must respect the judgment of the agency empowered to apply the law 'to varying fact patterns,' even if the issue 'with nearly equal reason [might] be resolved one way rather than another.'" Id. Because the BOP is the agency charged with making sentence credit determinations, the court must defer to the BOP's interpretation of the statute if the interpretation is reasonable. *See* O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005) ("Because the meaning of § 3624(b) is ambiguous, we must defer to the BOP's interpretation if it is reasonable.")

In this case, the BOP interpreted the statute to mean that Petitioner had already received sentencing credit for the time he spent in custody in England and therefore he could not receive additional credit pursuant to § 3585(b). As previously stated, in reaching this determination, the BOP relied on Petitioner's Judgment and Commitment Order which, according to the BOP, "clearly indicate[d] the time period in question was considered and applied to the sentence imposed." In other words, this credit was built into Petitioner's sentence. Lest there be any doubt, the sentencing judge clearly indicated his belief that the BOP would not award credit for the time Petitioner was detained in England *because the time period in question was already considered and applied to the sentence imposed*. This was reaffirmed in his final statement: "Otherwise [the] sentence would have been greater."

According to the Court, this was a *reasonable application* of § 3585(b) because Petitioner received the sentencing credit that he seeks in his Petition and any additional credit for this time period would be a double credit in violation of § 3585(b)'s qualifying clause. Petitioner has provided no basis to disturb the BOP's decision. Despite the fact that Petitioner believes he received no credit at all, under the facts of this case, he did "in effect" receive the credit for his contempt conviction and any additional credit award is not permitted.

## IV. **Conclusion**

For the reasons stated herein, the habeas petition will be denied. A separate Order will issue.

Dated: June 12, 2014.

                                                      Lisa Pupo Lenihan
                                                    Chief United States Magistrate Judge

Cc: Sandeep Mohan Mehta
57881-019
Moshannon Valley Correctional Center
555 Geo Drive
Philpsburg, PA 16866
*Via First Class Mail*

Counsel of Record
*Via ECF Electronic Mail*